Hugh G. Jasne, Esq. (HGJ-5041)
*Attorney for Defendant P.J. Louis*
JASNE & FLORIO, L.L.P.
30 Glenn St., Suite 103
White Plains, NY 10603
(914) 997-1212


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
RYAN J. NEGRI,

                        Plaintiff(s),

      -against-

MICHAEL J. FRIEDMAN,
ARTHUR FRIEDMAN,
and P.J. LOUIS.

               Defendant(s).

-----------------------------------------------------X

**14-CIV.-10233**
**Hon. Judge Woods**
Foley Square Division


## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
### PURSUANT TO FED. R. CIV. P. RULE 12(b)(6) & RULE 12(b)(7)


**JASNE & FLORIO, L.L.P.**
*Attorneys for Defendant P.J. Louis*
30 Glenn Street, Suite 103
White Plains, New York 10603
(914) 997-1212

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

      II.     **THE LEGAL STANDARD UNDER A FED. R. CIV. P.**
               **RULE 12(b)(6) MOTION TO DISMISS MANDATES**
               **THE DISMISSAL OF PLAINTIFF'S CLAIM AS AGAINST**
               **DEFENDANT P.J. LOUIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

      III.    **THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION**
               **FOR UNJUST ENRICHMENT AS A MATTER OF LAW** . . . . . . . . . . -12-

      IV.    **PLAINTIFF HAS FAILED TO JOIN NECESSARY PARTIES**
               **UNDER FED. R. CIV. P. RULE 19,THUS THE COMPLAINT**
               **MUST BE DISMISSED IN ACCORD WITH**
               **FED. R. CIV. P. RULE 12(b)(7)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

## TABLE OF AUTHORITIES

*ABB Turbo Sys. AG v. TurboUSA, Inc.*,
  2014 U.S. App. LEXIS 23691 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . -9-, -11-

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-, -8-

*Buffalo Sports Enters. LLC v. Dalrada Fin. Corp.*,
  2011 U.S. Dist. LEXIS 104564 (W.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Bussa v. A Very Special Place, Inc.*,
  2014 U.S. Dist. LEXIS 174983 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . -16-

*Carriage Cemetery Services, Inc. et al.*,
  727 F.Supp2d 925 (D. Nev. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Diaz v. Judge Advocate General of the Navy*,
  413 Fed. Appx. 342 (2d Circ. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

*Dumann Realty, LLC, v. Faust*,
  267 F.R.D. 101 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

*Hinterberger v. Catholic Health Systems, Inc. et al.*,
  536 Fed. Appx. 14 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

*Janes v. Schwartz, et al.*,
  2014 U.S. App. LEXIS 24423 (2d Circ. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

*Leasecomm Corporation, v. Datalink Resources Corp.*,
  202 N.Y. Misc. LEXIS 1126 (Queens Co. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*M.G. and V.M. v. New York City Dept. of Education, et al.*,
  15 F.Supp.3d 296 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

*Martinez v. Queens County DA*,
  2015 U.S. App. LEXIS 177 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Sawabeh Info. Servs. Co. v. Brody*,
  832 F.Supp.2d 280 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

## FEDERAL STATUTES

Fed. R. Civ. P. Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -5-, -10--12-, -16-

Fed. R. Civ. P. Rule 12(b)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -14-, -17-

Fed. R. Civ. P. Rule 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

Fed. R. Civ. P. Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

## INTRODUCTION

The instant action is brought before this Court on the Plaintiff's claims that the Defendant Michael Friedman owes Plaintiff money for a company purchased by Defendant Michael Friedman from Plaintiff and that the failure to make the contractual payments was a "duplicitous scheme" (see Plaintiffs Complaint, annexed to Defendant's Moving Papers as **EXHIBIT C** at ¶ 1) and that Defendant P.J. Louis (Paxton Jing Louis, however herein sometimes "PJ") was somehow involved, although the Complaint fails to specify what acts in furtherance thereof Defendant P.J. allegedly engaged.

The only claim whatsoever made against Defendant P.J. is for Unjust Enrichment within Count II of Plaintiff's Complaint, which will be demonstrated to be baseless as a mater of both law and fact. Notably, upon information and belief, the Contract at issue contains a choice of law provision which states that the Agreement is to be governed by Nevada law.

As further set forth herein, not only should the Complaint be dismissed against Defendant P.J. Louis pursuant to Fed. R. Civ. P. Rule 12(b)(6) upon the grounds that Plaintiff has failed to state a claim upon which relief may be granted, but further the Complaint should be dismissed in accord with Fed. R. Civ. P. Rule 12(b)(7) in that the Contract for the sale of the business was between Negri Electronics as the Seller and First Ascent, LLC, as the Purchaser. In addition, the Contract for sale was signed by  Philip Negri in addition to Plaintiff Ryan Negri who were both apparently shareholders, although the two (2) corporate entities and Philip Negri are not included in this action. Finally, the Complaint fails to name Todd Sherman, who appears, at least on the pleadings, to be a Third Party Beneficiary to the Contract as he was entitled to three percent (3%) of the payments due to sellers, and is therefore an additional necessary party.

## STATEMENT OF FACTS

On or about December 23 or 24 of 2013, a sale of the shares or Stock Purchase Agreement of the business known as Negri Electronics, Inc. was closed and the shares so transferred. Upon information and belief the Contract for sale[1] (annexed hereto as **EXHIBIT D**) was between Ryan Negri and Philip Negri, as sole shareholders and President and CFO respectively of Negri Electronics, Inc., a Nevada corporation, and First Ascent, LLC, a Delaware limited liability company by Michael Friedman as "Principal Member".

The Contract apparently was executed as part of the closing and required a portion of the $7,060,000.00 purchase price to be paid in installments. Needless to say a stock sale would have included liabilities, though such is unknown as Defendant Louis was not a signatory to the final contract. Upon information and belief, the Contract included payments to be made to Ryan Negri (83.42%), Philip Negri (13.58%) and Todd Sherman (3%).

The instant action is brought before this Court on the Plaintiff's claims that the Defendant Michael Friedman owes Plaintiff money for the stock purchase pursuant to the Contract signed by Defendant Michael Friedman and Plaintiff Ryan Negri and Philip Negri, though Philip is not joined in this action. Neither the Summons nor the Complaint references Philip Negri as a named party, though he is mentioned within several paragraphs of the complaint as a seller. Additionally, as stated, Todd Sherman, while entitled to 3% of the payments, is not named as a party.

Nothing in the Contract for Sale references Defendant P.J. Louis at all.

Plaintiff alleges he has not been paid the installment payments as due and therefore, Plaintiff

---

[1] It should be clarified that Defendant P.J. Louis reports he is not in possession of the final signed Contract, however based upon what information he possesses, the statements herein are believed to be true and accurate. The only version of the Contract in Defendant's possession is annexed hereto as **EXHIBIT D** as stated.

commenced this action, alleging *inter alia*, that the failure to make the contractual payments was a "duplicitous scheme" (see Plaintiff's Complaint, **EXHIBIT C**, at ¶ 1) and that Defendant P.J. Louis was somehow involved.   There is no specific allegation against Defendant P.J. Louis in the Complaint in support of Plaintiff's claims of Unjust Enrichment against this Defendant, and in fact, all such allegations are vague and conclusory at best as will be discussed more fully hereinbelow.

Upon information and belief, the final contract included a "Governing Law" provision which provided that the "Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. Plaintiff, having brought suit in New York, and failing to raise the issue of the choice of law provision, should be deemed to have waived same and therefore, it is respectfully submitted that this Court should undertake an analysis of the legal issues pursuant to New York law regardless of the choice of law provision of the Contract.

## ARGUMENT

**I.     THE PLAINTIFF HAS WAIVED THE CHOICE OF LAW PROVISION CONTAINED IN THE CONTRACT AND THEREFORE NEW YORK LAW SHOULD BE APPLIED TO THIS ACTION**

In the case at bar, Plaintiff's only pleading thus far, the Complaint, makes no reference to the contractual choice of law provision. If the final Contract was identical to the one annexed hereto as **EXHIBIT D**, and upon information and belief, such is the case, then at p. 15, ¶ 9(j), there was a choice of law provision designating Nevada as the governing law of the Contract. Generally, a choice of law provision will not be ignored by the  forum court, however, there are exceptions. It has been held that

> Despite a contractual designation of a foreign state's law, parties can waive such a choice of law provision, even by conduct, such as their litigation attorneys briefing legal issues under New York law. A court will then apply the law to which the parties

have assented. (*Rolon v. US. Amada, ltd*, 1997 WL 724798, 1997 U.S. Dist LEXIS 18315, slip op at 2 & n3 [SD NY Nov. 18, 1997]; *Trophy Prod, Inc. v. Cinema-Vue Corp.*, 53 A.D.2d 18, 22, 385 N.Y.S.2d 70 [1ˢᵗ Dept. 1976].

*Leasecomm Corporation, v. Datalink Resources Corp.*, 202 N.Y. Misc. LEXIS 1126 (Queens Co. 2002). Thus, where, as here, the Plaintiff's conduct has manifested an intention to proceed under New York law, by failing to mention to this Honorable Court that there is a choice of law provision to be governed by Nevada law, then this Court should consider the choice of law provision waived.

> Defendants have neither disputed Plaintiff's argument that New York law should govern, nor brought the clause to the Court's attention. In the context of choice-of-law clauses, this constitutes a waiver. *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (citing *Cargill, Inc. v. Charles Kowsky Res., Inc.*, 949 F.2d 51, 55 (2d Cir. 1991). Consequently, this Court will apply New York's substantive law.

*Buffalo Sports Enters. LLC v. Dalrada Fin. Corp.*, 2011 U.S. Dist. LEXIS 104564 (W.D.N.Y. Sept. 15, 2011).

In fact, the undersigned has undertaken a brief review of Unjust Enrichment claims pursuant to Nevada law and have found them to be remarkably similar to New York's elements for such claims. In fact, in *Carriage Cemetery Services, Inc. et al.*, 727 F.Supp2d 925 (D. Nev. 2010), the Court held that the elements of an Unjust Enrichment claim are "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment." *Id.* at 932. As will be discussed more fully hereinbelow in Point III, these elements are virtually identical to the elements of Unjust Enrichment pursuant to New York law, and therefore, this is essentially a non-issue, but raised only to point out that Plaintiff has waived the choice of law provision of the Contract.

## II.   THE LEGAL STANDARD UNDER A FED. R. CIV. P. RULE 12(b)(6) MOTION TO DISMISS MANDATES THE DISMISSAL OF PLAINTIFF'S CLAIM AS AGAINST DEFENDANT P.J. LOUIS

The allegations within a complaint against which a Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss are measured are deemed true, however such is not unlimited, and must be found to be plausible or supported by the facts. In other words, the Complaint must plead facts which support the Plaintiff's contentions as against the moving Defendant. The Complaint must meet the General Rules of Pleading in accord with Fed. R. Civ. P. Rule 8 which provide as follows:

> Rule 8. General Rules of Pleading
> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

> Thus,

> Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.' **To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of 'plausibility'. A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'**. Plausibility 'is not akin to a probability requirement;' rather, plausibility requires 'more than a sheer possibility that a defendant has acted unlawfully.' **Pleading a fact that is 'merely consistent with a defendant's liability' does not satisfy the plausibility standard.**

*Sawabeh Info. Servs. Co. v. Brody*, 832 F.Supp.2d 280, 293-294 (S.D.N.Y. 2011) (internal footnotes omitted). (**All Emphasis Supplied**.)

Therefore, in order to survive a Fed. R. Civ. P. Rule 12(b)(6) Motion, Plaintiff's Complaint must contain actual factual allegations as to the conduct complained of regarding Defendant P.J. The

Complaint as plead makes no such factual allegations.

> As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 [1986]). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Furthermore, as the Court noted in *Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted)." *Iqbal* at 678. Finally, the *Iqbal* Court noted that

> [t]wo working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Under the principles set forth in *Iqbal*, *supra*, the Court should review the Plaintiff's

Complaint and then determine if it contains more than mere conclusory statements about the possibility of misconduct. In the case at bar, as stated, there are no specific allegations upon which it may be determined that Defendant P.J. allegedly acted unlawfully. In fact, the Complaint does nothing more than state that Defendant P.J. engaged in a "duplicitous scheme" to induce Plaintiff to sell his company (*see* Complaint, **EXHIBIT C** at ¶ 1); that Defendant Friedman "sought to gain control of the Company so that he could wring whatever cash he and Louis could out of it" (*see* Complaint, **EXHIBIT C** at ¶ 5); that Louis is a "veteran of the telecommunications industry" and "a resident of Westchester County, New York" (*see* Complaint, **EXHIBIT C** at ¶ 10); that on December 16, 2013 Defendant Louis flew from New York to Nevada to meet with the Plaintiff (*see* Complaint, **EXHIBIT C** at ¶ 25); that during that meeting, Defendant Louis, along with Defendant Friedman "described the 'hands on' approach they intended to take in running the Company" and how Defendant Louis "represented that he would be physically in the Company's Nevada offices on a weekly basis" (*see* Complaint, **EXHIBIT C** at ¶ 26); that payments were "derailed by Friedman and Louis' looting of the Company's assets" (*see* Complaint, **EXHIBIT C** at ¶ 36); that Defendants Friedman and Louis "began withdrawing large sums of cash from the Company's operating account" including a payment of $5,000 for travel by Louis (*see* Complaint, **EXHIBIT C** at ¶ 37); and that Defendant Louis "failed to take any active role in managing the Company" and "only visited [the Nevada headquarters] a handful of times between January and July, 2014" (*see* Complaint, **EXHIBIT C** at ¶ 49). None of these allegations amount to sufficient support for the Plaintiff's cause of action against Defendant P.J. Louis for Unjust Enrichment ast set forth in Count II of Plaintiff's Complaint.

In keeping with these principles a court considering a motion to dismiss can choose

> to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679. In the case at bar, there are simply no "well-pleaded factual allegations" and therefore the pleading is "not entitled to the assumption of truth". In fact, Plaintiff has not provided a scintilla of viable factual allegations that could even form the basis for a Cause of Action of Unjust Enrichment.

Plaintiff's allegation that Defendant P.J. engaged in a "duplicitous scheme" without more than this conclusory statement is insufficient on its face to state a Cause of Action for Unjust Enrichment.

> To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint 'containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.' *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (internal quotation marks omitted). We find no error in the district court's dismissal of the claims against MID-Penn Legal Services, T-Mobile US, Inc.,  Verizon New York Inc.,  and attorneys Michael D. Carlin and Jessica A. Spector, for failure to plead facts from which a conspiracy between these defendants and a state actor could be plausibly inferred. Nor do we find any error in the district court's dismissal of the claims against the Reading Police Department, the New York City Police Department, and the City of New York, for failure to allege that their challenged conduct was undertaken pursuant to an official policy or custom, as required to establish § 1983 municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690-94, 98 S. Ct. 2018, 56 L. Ed, 2d 611 (1978).

*Martinez v. Queens County DA*, 2015 U.S. App. LEXIS 177, 5-6 (2d Cir. 2015). Indeed, in the case at bar, it would not be error for this Honorable Court to dismiss the Complaint as against Defendant P.J. for "failure to plead facts from which a [duplicitous scheme] between [the named Defendants] could be plausibly  inferred."

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) together establish a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative. Thus, Rule 8(a)(2) requires that a plaintiff provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which requires that the complaint "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To avoid dismissal under Rule 12(b)(6), the complaint must contain sufficient factual allegations 'to raise a right to relief above the speculative level.' *Id.* Rule 8's pleading standard 'does not require "detailed factual allegations."' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) ('Specific facts are not necessary . . . .'); *Speaker*, 623 F.3d at 1380 (quoting *Iqbal*). But it requires more than 'barren recitals of the statutory elements, shorn of factual specificity,' *Speaker*, 623 F.3d at 1384, and more than the mere possibility of liability or mere consistency with liability, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557, 570. What is needed is 'facial plausibility' of the claim, which exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Rule 8 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged violation. *Twombly*, 550 U.S. at 556.

*ABB Turbo Sys. AG v. TurboUSA, Inc.*, 2014 U.S. App. LEXIS 23691, 9-10 (Fed. Cir. 2014).

To be clear, the entire claim of "Unjust Enrichment" as against Defendant P.J. stems from Plaintiff's allegation that there was a payment of $5,000 earmarked as "travel" (*see* Complaint, **EXHIBIT C** at ¶ 37) without any basis for how this amounts to Unjust Enrichment, including providing no further specificity, clarification, or elaboration. Even if true, such allegation wholly fails to set forth a claim for "Unjust Enrichment" as a matter of law as will be more fully set forth hereinbelow. Such is especially true in that Defendant P.J. Louis was an employee of the Company which was purchased by Defendant Friedman, and who, by Plaintiff's own Complaint, was traveling between the Las Vegas office (and presumably other locations including the California office) and

his home in Westchester County New York pursuant to the alleged promises made to Plaintiff. Expenses of $5,000 could easily have been run up traveling between Las Vegas and New York as well as the Plaintiff's California office, let alone if such included travel expenses prior to the closing of the purchase of the shares as part of the pre-closing due diligence. The term "travel" as used in whatever "financial records" Plaintiff referenced in ¶ 37 of the Complaint - notably none were provided as Exhibits to the Complaint and therefore the veracity of these conclusion should not be inferred - could also include reimbursement for travel by several other individuals but charged to the company as one lump sum expense for ease of reference. In addition, said expense could also include multiple trips to and from airports, airfare, hotels, rental cars, meals, and entertainment, and could even be mis-coded or mis-categorized on the financial records, which are not available to Defendant P.J. Finally, the noted expense could include salary withdrawals, but because the Complaint is noticeably silent as to the basis of the information in support of the allegation of this payment, instead simply alleging the payments to be true and accurate, such is indeterminable and therefore insufficient as a matter of law to support Plaintiff's claims against Defendant P.J.

As stated, the Complaint sets forth a one line statement within a list of "cash withdrawals", such withdrawals purportedly representing a cash payment to Defendant P.J. without any support as to where the information contained therein was derived, let alone the context for such information, and yet the Plaintiff states that such cash withdrawal constitutes and provides the basis for Plaintiff's Cause of Action for Unjust Enrichment. As stated herein, these allegations can not survive the Defendant's Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon relief may be granted.

Further, there is absolutely no indication of what part in the "duplicitous scheme", as stated

in Plaintiff's Complaint at ¶ 1, that Defendant P.J. played, other than perhaps having received $5,000 in a cash withdrawal for what may very well have been legitimate travel expenses.

In short, there are simply no factual allegations that would rise to the level of "notice-pleading" that is required to survive a Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss or which would, "in a context-specific manner, . . . mak[e] relief under the governing law plausible, not merely speculative." *See ABB Turbo Sys. AG, supra*. There are not enough factual allegations in Plaintiff's Complaint that would "'raise a reasonable expectation that discovery will reveal evidence' of the alleged violation." *Id.*

In the instant case, the only Cause of Action asserted against Defendant P.J. is Count II, alleging Unjust Enrichment, which will be demonstrated to be baseless as a matter of both law and fact, *infra* at Point III. Within Paragraphs 37 and 38, the Complaint alleges that $137,900 was depleted from the company within approximately one month of the purchase, however according to the remainder of the allegations in the Complaint, $87,000 was paid to Defendant Arthur Friedman. The only claim as against Defendant P.J. is that $5,000 was paid to him for "travel"on January 27, 2014. In fact, other than speculating that monies were wrongfully withdrawn from the Company accounts with no support for such allegations, and concluding that Defendant P.J. was unjustly enriched by such alleged wrongful withdrawals, the only factual allegation that would tie Defendant P.J. to any of the alleged wrongful withdrawals is the travel reimbursement of $5,000 in January 2014. Even assuming *arguendo* that Plaintiff's allegations are true, and Defendant does not concede that this Honorable Court should accord such weight to the Plaintiff's allegations, such allegations do not amount to allegations that would "mak[e] relief under the governing law plausible, not merely speculative." *ABB Turbo Sys. AG v. TurboUSA, Inc.*, 2014 U.S. App. LEXIS 23691, 9-10 (Fed. Cir.

2014).

Based upon the law as set forth herein, the action be dismissed against Defendant P.J. Louis

pursuant to Fed. R. Civ. P. Rule 12(b)(6)  upon the grounds that Plaintiff has failed to state a claim

upon which relief may be granted.

### III.   THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR UNJUST ENRICHMENT AS A MATTER OF LAW

Plaintiff cannot show what sums, or assets if any, constitute his Cause of Action for Unjust

Enrichment as against Defendant P.J. There are simply no factual allegations set forth by the Plaintiff

in support of the contention that even if, *arguendo* and without any such concession, the sum of

$5,000 was paid to Defendant P.J., and was improper, how such payment would give rise to a Cause

of Action for Unjust Enrichment as against Defendant P.J.

To properly allege, and subsequently prevail upon, a claim of Unjust Enrichment, the

Plaintiff must show that an identifiable item, which can include an identifiable financial or bank

account, is the property of the Plaintiff though retained by the Defendant.

> To establish an unjust enrichment cause of action, a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, 285 N.E.2d 695, 334 N.Y.S.2d 388). '**[T]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered.**'

*Dee v. Rakower*, 112 A.D.3d 204, 213 (2d Dept. 2013). (**Emphasis added**). As stated, these

elements are virtually identical to those that are used by the Nevada Courts, should this Court deem

that the contractual choice of law provision applies. (*See* Point I, *infra*.)

The instant Complaint alleges that the Plaintiff should be repaid an unknown sum of money

which was paid to Defendant P.J. in addition to the known sum of $5,000 which could have been rightly paid to Defendant P.J. but should nonetheless be paid to the Plaintiff as it is unjust to allow Defendant P.J. to retain any money from the Company. Nowhere does the Plaintiff's Complaint support the contention that Defendant P.J. was not **properly** paid the $5,000, nor does the Complaint even allege support for the basis to believe he was not properly paid any further sums of money, though no such sum is specified above and beyond the $5,000 travel expense. In summary, the Plaintiff alleges that as he was not repaid by Defendant Friedman, Defendant P.J. should not have been paid since Defendant P.J. was part of a wholly undefined, "duplicitous scheme" the basis of which was not plead as part of the Plaintiff's Complaint.

Equally fatal to the Plaintiff's claim is the failure to plead a nexus as to the relationship between the Plaintiff and Defendant P.J. As such is non-existent, because Defendant P.J. was merely an employee of the Company and was not a signatory to the Contract for sale of the shares, such Cause of Action should fail.

> [U]nder the facts alleged, there are no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement. Without further allegations, the mere existence of a letter that happens to find a path to a prospective purchaser does not render this transaction one of equitable injustice requiring a remedy to balance a wrong. **Without sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff warrant dismissal**.

*Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517 (2012). (**Emphasis added**.)

More succinctly, "a plaintiff cannot succeed on an unjust enrichment claim unless it has a sufficiently close relationship with the other party". *Malone, id.*, and no such relationship has been plead. As a matter of law, the Plaintiff's Cause of Action for Unjust Enrichment must fail. It is beyond cavil that the Cause of Action for Unjust Enrichment is a State Law claim. *See* e.g.

*Hinterberger v. Catholic Health Systems, Inc. et al.*, 536 Fed. Appx. 14 (2d Cir. 2013), *see also*

*Janes v. Schwartz, et al.*, 2014 U.S. App. LEXIS 24423 (2d Circ. 2014).

### IV.   PLAINTIFF HAS FAILED TO JOIN NECESSARY PARTIES UNDER FED. R. CIV. P. RULE 19,THUS THE COMPLAINT MUST BE DISMISSED IN ACCORD WITH FED. R. CIV. P. RULE 12(b)(7)

As stated above, the Contract for sale of the business was between Negri Electronics as the

Seller and First Ascent, LLC, as the Purchaser. However, upon information and belief, the Contract

also included Philip Negri, as the other shareholder of Negri Electronics, as both a signatory and

payee under the payment terms. Additionally, upon information and belief, the Contract also called

for three percent (3%) of all installment payments to be made to Todd Sherman, an investor in Negri

Electronics. (*See* Plaintiff's Complaint, **EXHIBIT A** at ¶'s 16 - 17. Putting aside for the moment

any issue of standing, should this Honorable Court decide any money is due Plaintiff Ryan Negri,

such begs the question as to the rights of Philip Negri, the other shareholder of Negri Electronics and

signatory to the Contract, and Todd Sherman, a beneficiary under the Contract.

Although as previously stated, Defendant P.J. is not in possession of the final Contract for

Sale, the understanding is that both Plaintiff Ryan Negri and Philip Negri, as the sole shareholders

of Negri Electronics, were to share in the proceeds along with Todd Sherman.  It would appear that

Plaintiff Ryan Negri seeks to claim the entire proceeds, notwithstanding the fact that, upon

information and belief, both Philip Negri and Todd Sherman have an interest in such proceeds. As

such, both Philip Negri and Todd Sherman become Necessary Parties pursuant to Fed. R. Civ. P.

Rule 19 which provides, in pertinent part,

> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

...(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Pivotally, Plaintiff is suing, at least in part, for Defendant's having defaulted under the payment terms of the contract. As such, upon information and belief, as the Contract called for only a sale of the stock of Negri Electronics, Inc., and for Plaintiff to remain on the Board of Directors, Negri Electronics, Inc. remains a viable Corporation entitled to the payments called for in the Contract. As such, Negri Electronics would also appear to be a Necessary Party to this action, the issue of Plaintiff's standing to bring the action in the first instance being assumed *arguendo*.

Indeed, Plaintiff's Complaint states that Todd Sherman was to receive three percent (3%) "of any investment in the company" (*see* Complaint, **EXHIBIT C** at ¶ 17) and additionally spells out the payment terms due under the stock purchase agreement. "[T]he sellers received approximately $500,000 at closing. As the 87% shareholder, Plaintiff received **the majority of those funds**". *See* Complaint, **EXHIBIT C** at ¶ 32. Clearly, Philip Negri, as the 13% shareholder and, upon information and belief, the other signatory to the contract, is entitled to payments claimed to be due and owing to Plaintiff. The Complaint however, does not mention the payments that are clearly due to Philip Negri. "While it is true, as [Plaintiff] argues, that the causes of action in the Amended Complaint concern only the obligations of [Defendant] to [Plaintiff] and not his direct obligations

to the Lenders, it is also accurate that the Lender, who are not bound by [Plaintiff's] representations and who may take a different view, could assert an action against [Defendant]. Surely [Plaintiff] can contemplate such a suit...". *Dumann Realty, LLC, v. Faust*, 267 F.R.D. 101 (S.D.N.Y. 2010). Under this rationale, it is clear that Plaintiff's failure to join at least Philip Negri and Todd Sherman, who were both entitled to payment under the contract, are grounds for dismissal of this Complaint.

It is without question that the failure to join a necessary party is grounds for dismissal of the action. *See e.g. M.G. and V.M. v. New York City Dept. of Education, et al.*, 15 F.Supp.3d 296 (S.D.N.Y. 2014). However, it is equally clear that such a dismissal is not on the merits unless the dismissal order states otherwise. *See e.g. Diaz v. Judge Advocate General of the Navy*, 413 Fed. Appx. 342 (2d Circ. 2011); *Bussa v. A Very Special Place, Inc.*, 2014 U.S. Dist. LEXIS 174983 (E.D.N.Y. 2014). Therefore, this Complaint should be dismissed for failure to join necessary parties, including Philip Negri, Todd Sherman and Negri Electronics. It is respectfully requested that this dismissal be on the merits for the reasons set forth hereinabove.

## CONCLUSION

For the reason as set forth above, the Plaintiff has failed to state a claim upon which relief may be granted in that not only is the Complaint inherently fatally defective but as a matter of law the Plaintiff has failed to state a viable Cause of Action for Unjust Enrichment as against Defendant P.J. As such the claim against Defendant P.J. Louis must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

In addition, the failure to join necessary parties, Philip Negri, as a Shareholder of the selling Company as well to Todd Sherman, who was entitled to 3% of the installment payments, as well as

perhaps Negri Electronics, the entire case must be dismissed under Fed. R. Civ. P. Rule 12(b)(7).

Respectfully submitted
JASNE & FLORIO, L.L.P.

Hugh G. Jasne, Esq. (HGJ-5041)
*Attorney for Defendant P.J. Louis*