Laura V. Studwell
THE KILLIAN FIRM, P.C.
555 Route 1 South, Suite 430
Iselin, NJ  08830
732-912-2100
*Attorneys for Defendant Arthur Friedman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN J. NEGRI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. FRIEDMAN, ARTHUR FRIEDMAN and P.J. LOUIS<br><br>　　　　Defendants. | Docket No. 14-cv-10233<br><br>Hon. Gregory H. Woods, U.S.D.J. |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ARTHUR FRIEDMAN'S MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

This case presents a classic example of attempting to fit a square peg in a round hole. Plaintiff, Ryan J. Negri, ("Negri"), the individual, has brought a claim against Arthur Friedman ("Friedman") with whom he has no relationship whatsoever – contractual or otherwise – and none is even alleged in the Complaint. As the pleadings reflect, the only claim brought against Friedman is for unjust enrichment.  The basis of this claim appears to be that Friedman received $87,000 from the assets of the company, Negri Electronics, Inc. ("NEI") – notably, not Negri himself. Putting aside whether Arthur Friedman, the individual, ever actually received and benefitted from the alleged transfer of $87,000 from Negri Electronics, the fact remains that Negri and NEI are two completely different entities, and that Negri the individual never

advanced any funds to Friedman. Accordingly, Negri does not have standing to bring its claim for unjust enrichment against Arthur Friedman.

Further, as Negri himself has not suffered any cognizable injury from the alleged conduct of Friedman and any claims of Negri are contingent on future events occurring – including Negri regaining ownership of NEI -- the claims against Friedman are not ripe for determination by this Court and must be dismissed.

Finally, on the pleadings, Negri has failed to state a claim upon which relief can be granted because Negri cannot satisfy the elements of his unjust enrichment claim. Specifically, Negri has not alleged any facts to establish that a purported "benefit" received by Friedman was to his "detriment." Negri himself has not suffered any cognizable detriment and there is nothing in the complaint to suggest otherwise. Negri has further failed to establish any connection between himself and Friedman, which is a requirement under settled New York law to proceed on a claim of unjust enrichment. Accordingly, on the pleadings, Negri's claim for unjust enrichment fails as a matter of law, and thus the Complaint should be dismissed against Arthur Friedman.

## FACTS[1]

*General Allegations:*

According to the Complaint, NEI was in the business of selling unlocked cell phones since 2006. In around early 2012, NEI sought the help of outside investors in order to continue to grow the business. Approximately one year later, Negri was introduced to Michael Friedman – a defendant in this action. Although at first the discussions between Negri and Michael

---

[1] All of the facts are obtained from the allegations in the Complaint (which must be taken as true for the purpose of this motion to dismiss), the documents cited in the Complaint, and matters as to which this Court may take judicial notice.

Friedman were for an investment in the business, by November 2013, the parties had entered into a Term Sheet for the purchase of NEI by a company called First Ascent, LLC (interestingly, First Ascent has not been named in this action). The closing date for the purchase was set for December 30, 2013. After some due diligence was conducted, Michael Friedman (on behalf of First Ascent), Negri, and Philip Negri entered into a stock purchase agreement for the sale of NEI to First Ascent.

The stock purchase agreement provided in relevant part that First Ascent would acquire all outstanding stock in NEI for the purchase price of $7,212,19.34 payable over four years. Under the payment schedule set forth in the agreement, Negri and Philip Negri received approximately $500,000 at closing with Negri receiving the majority of those funds. Negri was scheduled to receive additional payments in 2014, 2015, 2016 and 2017; however, the amounts under the original stock purchase agreement were allegedly not paid in a timely manner. Therefore, in March 2014, NEI, Michael Friedman, Negri and Philip Negri – notably not Arthur Friedman – entered into a First Amendment to Stock Purchase Agreement. Under the new Agreement, the payments required to be made in 2014 were adjusted and the payment of the balance of the purchase price was to be paid by the close of 2016 as opposed to 2017.

Despite the revised payment schedule, the required payments were allegedly not paid in a timely manner. At the same time, NEI's business began to flounder, ultimately becoming insolvent in or around July 2014. Negri brought this action to recover the damages allegedly caused by Michael Friedman, P.J. Louis and First Ascent.

*Allegations against Arthur Friedman:*

In support of Negri's claim for unjust enrichment, the Complaint makes very few allegations against Arthur Friedman himself. Specifically, the Complaint alleges the following:

**Paragraph 3:** "Defendants [Michael] Friedman and Louis began to loot the Company of its assets, withdrawing cash for their personal use, and to pay off, inter alia, [Michael] Friedman's indebtedness to his father, Arthur Friedman."

**Paragraph 9:** "Upon information and belief, defendant Arthur Friedman is an accountant and father of [Michael] Friedman. Defendant Arthur Friedman is a resident of New York, New York."

**Paragraph 39:** "Upon information and belief, the 'Shareholder' to whom the $87,000 wire transfer was made on January 9, 2014 was Michael Friedman's father, Arthur Friedman, who was never, in fact, a shareholder of the Company."

**Paragraph 72:** "Upon information and belief, on or about January 9, 2014, [Michael] Friedman transferred via wire transfer, $87,000 of the Company's funds to Arthur Friedman to satisfy a personal obligation unrelated to the operation of the Company."

**Paragraph 73:** "This transfer damaged the Company and decreased the value of its stock, which Plaintiff is entitled to recover under the terms of the Agreement."

Based on these five paragraphs alone, Negri has asserted his claim for unjust enrichment. Unfortunately for Negri, these five paragraphs do not establish the required standing under Article III to bring a claim against Arthur Friedman, nor do they establish a current injury ripe for adjudication by this Court. Finally, these five paragraphs do not sufficiently allege that Negri himself has suffered any detriment as a result of a benefit to Arthur Friedman or any relationship between Negri and Arthur Friedman himself; indeed, it was only the Company's funds that were allegedly used to pay Arthur Friedman – assuming (as we must) that the allegations of the Complaint are true. Accordingly, Arthur Friedman brings this motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## ARGUMENT

### Point I

**Negri has failed to allege that he has suffered an injury in fact that is causally connected to any conduct of Arthur Friedman and has therefore <u>failed to satisfy the standing requirements under Article III</u>**

Negri, the individual, has not suffered any injury as a result of any conduct of Arthur Friedman and accordingly, he has no standing to bring this action against Arthur Friedman for unjust enrichment. The law of standing has its roots in Article III's case and controversy requirement. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 492-93 (2009); <u>DaimlerChrysler Corporation v. Cuno</u>, 547 U.S. 332, 340-41 (2006). The U.S. Supreme Court has established a three-part test for standing. The "irreducible constitutional minimum of standing" requires the plaintiff to establish:

> First ... an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent," not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); *see also* <u>Summers</u>, 555 U.S. at 493.

The Supreme Court has made it clear that the burden of establishing standing rests on the plaintiff. <u>DaimlerChrysler</u>, 547 U.S. at 342, n.3; <u>FW/PBS Incorporated v. Dallas</u>, 493 U.S. 215, 231 (1990). Plaintiffs must demonstrate standing for each claim and each request for relief. <u>Monsanto Company v. Geerston Seed Farms</u>, 130 S. Ct. 2743, 2754 (2010) (plaintiffs must demonstrate standing to pursue each form of relief sought); <u>Davis</u>, 554 U.S. at 734; <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983). There is no "supplemental" standing: standing to

assert one claim does not create standing to assert claims arising from the same nucleus of operative facts. Daimler Chrysler, 547 U.S. at 353.

Here, Negri has failed to establish standing for his claims against Arthur Friedman. Negri has not only failed to establish that he has suffered an injury in fact, he has also failed to plead sufficient facts to establish any causal connection between the conduct of Arthur Friedman (alleged receipt of approximately $87,000) and any alleged injury suffered by Negri. Finally, Negri cannot establish that a favorable ruling in this action would redress any supposed injury he has suffered.

Under well-established New York law, it is axiomatic that a corporation is a legal entity separate and distinct from its shareholders. See Perry-Gething Found. v. Stinson, 218 A.D.2d 791, 793 (A.D. 2d 1995) citing Matter of Total Care Health Indus. v Department of Social Servs., 144 AD2d 678, 678 (A.D. 2d 1988). The claims in this action are asserted by Negri, the individual, as opposed to NEI, the corporate entity. Assuming that the allegations of the Complaint are true, it was the corporation's assets that were allegedly improperly transferred to Arthur Friedman and not the assets of Negri himself; indeed, after the sale of the business, Negri was no longer even a shareholder of the company. Accordingly, Negri himself was not deprived of any funds nor was he injured in any way from the alleged transfer of NEI funds. It is for this reason as well that Negri cannot establish any causal connection between the conduct of Arthur Friedman – the alleged receipt of funds from NEI – to any supposed injury to Negri, the individual.

On the pleadings, Negri has completely failed to meet his burden to establish the three required elements for standing under Article III and therefore, his unjust enrichment claim (and the Complaint) against Arthur Friedman should be dismissed.

## Point II

### Because Negri's claims are contingent on future events occurring – Negri regaining control of the separate corporate entity, NEI – his claim is not ripe for adjudication by this Court

The claims, if any, that Negri may have against Arthur Friedman are contingent upon certain future events occurring and are therefore not ripe for adjudication. "To be justiciable, a cause of action must be ripe -- it must present a real, substantial controversy, not a mere hypothetical question." Kurtz v. Verizon N.Y., Inc., 758 F.3d 506, 511 (2d Cir. 2014) citing Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 687 (2d Cir. 2013) ("A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all. The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.")

Here, the claim for unjust enrichment against Arthur Friedman is not ripe for adjudication. In order for Negri to have a cognizable claim against Arthur Friedman, "contingent future events" must occur. As noted above, Negri and NEI are two separate and distinct entities that possess separate and distinct rights. See Perry-Gething Found. v. Stinson, 218 A.D.2d 791, 793 (A.D. 2d 1995) (it is axiomatic that a corporation is a legal entity separate and distinct from its shareholders). According to the allegations of the Complaint, it was the assets of NEI that were allegedly transferred to Arthur Friedman and not any assets of Negri himself. Accordingly, in order to properly assert a claim against Arthur Friedman, Negri must first establish that he can assert the rights of NEI and until he can do so, his individual claims against Arthur Friedman are not ripe for adjudication. The "contingent future event" that must occur prior to Negri's claims being ripe for adjudication include success in Negri's separate claims for breach of the two stock purchase agreements that allegedly entitle him to regain his shares and ownership of NEI. Until

Negri prevails on those claims however, he has no right to assert any claims NEI may (or may not) have against Arthur Friedman. Accordingly, Negri's claims are not ripe for adjudication at this time and should be dismissed.

### Point III

**Negri's Complaint has failed to properly allege the required elements of an unjust enrichment claim, particularly the requirement that Negri suffered a detriment as a result of Arthur Friedman's conduct, and accordingly, Negri's Complaint has failed to state a claim upon which relief can be granted**

Even if the facts of the Complaint are taken as true, Negri has failed to properly allege the elements of an unjust enrichment claim. "The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011) citing Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421, 285 NE2d 695 (1972). A plaintiff must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered'" Id. Although privity is not required for an unjust enrichment claim, a claim **will not be supported if the connection between the parties is too attenuated**. see Sperry v Crompton Corp., 8 NY3d 204, 215, 863 NE2d 1012 (2007).

Here, the claims of Negri fail for several reasons. First, the five paragraphs of allegations against Arthur Friedman fail to establish that Arthur Friedman was "enriched" at the "expense" of Negri himself. In fact, it was NEI's funds that were allegedly used to pay the $87,000, not Negri's own funds. Further, there are no allegations in the Complaint alleging any sort of relationship between Negri and Arthur Friedman that would establish any connection between those two parties. As noted in the Mandarin Trading case, there must be allegations in the Complaint that would indicate a relationship between the parties, or at least an awareness by the

"enriched party" of the existence of the party against whom he is taking a benefit. <u>Mandarin Trading Ltd.</u>, 16 N.Y.3d at 182. In other words, in order to prevail, Negri must show that Arthur Friedman, upon allegedly receiving the $87,000 from NEI (incidentally at a time that there were no issues between any of the parties), knew that he was being unjustly enriched to the detriment of Negri himself. There are no such allegations to this effect and indeed, there cannot be even if an amendment were permitted by this Court. Accordingly, because Negri cannot establish the elements for his claims of unjust enrichment, his Complaint against Arthur Friedman should be dismissed.

## CONCLUSION

Negri, the individual, does not have standing to assert his claims against Arthur Friedman, nor are his claims ripe for consideration by this Court. Further, even taking the allegations in the Complaint as true, which we must on a motion to dismiss, Negri cannot establish the necessary elements of his unjust enrichment claim nor can he establish the necessary relationship between himself and Arthur Friedman. Accordingly, Negri's only claim should be dismissed and likewise the Complaint against Arthur Friedman.

Dated: February 27, 2015

**THE KILLIAN FIRM, P.C.**
*Attorneys for Defendant*
*Arthur Friedman*

By: /s/ Laura V. Studwell
Laura V. Studwell
The Killian Firm, P.C.
555 Route 1 South, Suite 430
Iselin, New Jersey 08830
732-912-2100
lstudwell@tkfpc.com